UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: MGM Grand Detroit, LLC
Discrimination Litigation,

Case No. 03-73121

Honorable Nancy G. Edmunds

_____/

**ORDER REVERSING MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFFS'
MOTION FOR SUBSTITUTED SERVICE [82]**

This matter came before the Court on Defendant MGM Grand Detroit, LLC's objections to the Magistrate Judge's order granting Plaintiffs' motion for substituted service of Jeffrey Rainsberger. Specifically, Defendant objects because: (1) Plaintiffs' subpoena is not timely due to the fact that discovery in this case closed on April 1, 2007, pursuant to another order of this Court, and (2) Fed. R. Civ. P. 45(b) does not permit service of a subpoena by any other method besides personal service.

When a non-dispositive motion is referred to and decided by a magistrate judge, a party may appeal the decision within 10 days. "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

The Court finds that the Magistrate Judge's opinion is contrary to law, inasmuch as it reads Fed. R. Civ. P. 45(b) to permit substituted service of a subpoena. To the contrary,

Rule 45(b) requires personal service in order for a subpoena to be valid. *See FTC v. Compagnie de Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980).

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby ACCEPTS Defendant's objections and REVERSES the Magistrate Judge's order permitting substituted service of Jeffrey Rainsberger.[1]

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 22, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[1] Although not necessary for resolution of the instant objections, the Court notes that the fact discovery has closed would not bar Plaintiffs from deposing Rainsberger as a trial witness under Fed. R. Civ. P. 32(a)(3)(B), due to the fact that he lives more than 100 miles from the location of trial.